# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN HOLMES, | :: | PRISONER CIVIL RIGHTS |
|     Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| BUTCH CONWAY; et al., | :: | CIVIL ACTION NO. |
|     Defendants. | :: | 1:12-CV-4105-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon plaintiff.

Plaintiff may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appeal of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 21st day of December, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN HOLMES, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| BUTCH CONWAY; et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:12-CV-4105-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

Plaintiff John Holmes, presently confined in the Gwinnett County Detention Center in Lawrenceville, Georgia, previously was granted in forma pauperis status in this pro se civil rights action. [Doc. 3]. The matter is now before the undersigned Magistrate Judge for a 28 U.S.C. § 1915A frivolity screening. For the reasons stated below, the undersigned **RECOMMENDS** that this action be **DISMISSED** for failure to state a claim.

## I. LEGAL STANDARDS

Plaintiff brings this civil rights action against the defendants under 42 U.S.C. § 1983 ("§ 1983"). Federal courts are required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous,

malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286

2

(1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff brings this action against the Gwinnett County Detention Center, Sheriff Butch Conway, and Deputy Sheriffs Kevin Casal and K. Richardson. [Doc. 1 at 1, 3]. Plaintiff alleges that, on August 4, 2012, he requested a Halal diet in conformance with Muslim dietary law, and Deputy Richardson responded by offering him a vegetarian diet. [Id. at 3; Doc. 2 at 7]. On August 13, 2012, plaintiff once again requested a Halal diet, stating that he did "not want a veggie meal because [he] like[s] meat[,] fish, [and] chicken" and that he "would like to be afforded the same rights as the Jewish" inmates who receive kosher meals. [Doc. 1 at 3; Doc. 2 at 11]. The response plaintiff received stated that "[t]he food prohibited by [his] religion is not served in this facility." [Doc. 2 at 11]. Plaintiff then filed a pre-grievance on August 18, 2012, requesting that he be granted the same consideration as the Jewish inmates, and the response stated "[w]e do no serve pork at the jail to inmates." [Doc. 1 at 4; Doc. 2 at 13].

3

On August 22, 2012, plaintiff filed a formal grievance concerning the jail's refusal to provide him a Halal diet, and Deputy Casal responded that the jail does not violate the dietary guidelines for Muslim followers. [Doc. 1 at 4; Doc. 2 at 5-6]. Plaintiff appealed, stating that he doubted that the food served to Muslim inmates at the jail was "slaughtered in the name of Allah" and again alleging that Muslim inmates did not receive the same consideration as Jewish inmates who receive kosher meals. [Doc. 1 at 4; Doc. 2 at 12]. Deputy Casal responded that, although the food and meat served at the jail was not blessed or slaughtered in the name of Allah, it meets the needs of Muslim inmates because "it is prepared properly at all levels." [Doc. 2 at 10]. Deputy Casal refused to address plaintiff's allegation concerning Jewish inmates. [Id.]. Plaintiff also contends that he "wrote several inmate requests to Sheriff Butch Conway," who never responded. [Doc. 1 at 4]. Plaintiff seeks injunctive and monetary relief. [Id. at 4-5].

### III. ANALYSIS

Pursuant to § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights. See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). The Gwinnett County

4

Detention Center is due to be dismissed as a defendant in this action because it is not a legal entity subject to suit under § 1983. Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam).

The First Amendment, as applied to the states via the Fourteenth Amendment, proscribes the making of a law that prohibits the free exercise of one's religion. U.S. Const. amend. I. Balanced against prison security and administrative concerns, prisoners retain First Amendment protection of their religious rights. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-53 (1987) (discussing rights to religious freedom). "The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden." Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). A "substantial burden" is one that puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." Thomas v. Review Bd. of Ind. Emp't Sec. Div., 450 U.S. 707, 718 (1981). Prison officials may not substantially burden the free exercise of a "sincerely held" religious belief unless their actions or restrictions are "reasonably related to legitimate penological interests." O'Lone, 482 U.S. at 345, 349 (citations omitted). The reasonableness inquiry asks:

5

> whether the regulation has a "'valid, rational connection'" to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are "ready alternatives" to the regulation.

Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (citation omitted).

Under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"):

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C.A. § 2000cc-1(a). The RLUIPA "affords to prison inmates a 'heightened protection from government-imposed burdens,' by requiring that the government demonstrate that the substantial burden on the prisoner's religious exercise is justified by a compelling, rather than merely a legitimate, governmental interest." Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, 131 S. Ct. 1651, 1657 n.3 (2011). To state a RLUIPA claim, "a plaintiff

6

must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." Id. at 1276. The Eleventh Circuit has held that:

> a "substantial burden" must place more than an inconvenience on religious exercise; a "substantial burden" is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly. Thus, a substantial burden can result from pressure that tends to force adherents to forego religious precepts or from pressure that mandates religious conduct.

Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004).

Here, the facts alleged by plaintiff do not establish that defendant's failure to provide him a Halal diet places a substantial burden on his religious practice. The jail does not serve pork, and defendants have offered plaintiff a vegetarian diet as a substitute for Halal. Plaintiff does not allege that these alternative diets fail to meet either his religious or dietary needs. Therefore, plaintiff's claims under both the First Amendment and the RLUIPA are due to be dismissed. See Hernandez v. C.I.R., 490 U.S. at 699; Thomas, 450 U.S. at 718; Smith, 502 F.3d at 1276; Midrash Sephardi, 366 F.3d at 1227; Jackson v. Ellis, No. 3:07cv67/LAC/EMT, 2008 WL 89861, at *5 (N.D. Fla. Jan. 7, 2008) (finding that inmate failed to state claims under both the First Amendment and the RLUIPA based on defendant's failure to designate a special diet for Muslims because plaintiff did not allege "that he is unable to satisfy the Muslim

7

dietary requirements by requesting a vegan or other meal" and, thus, did not allege that defendants substantially burdened his religious practice).

Finally, to state an equal protection claim, plaintiff "must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as [religion]." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (per curiam) (internal quotations and citations omitted). "Thus, in order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him." Jackson, 2008 WL 89861, at *5 (citations omitted). Although plaintiff contends that defendants have refused to provide him a Halal diet consistent with his Muslim beliefs but have provided kosher meals to Jewish inmates, he does not allege that Jewish inmates can meet their religious dietary requirements by choosing a vegetarian diet or that he cannot. Therefore, plaintiff fails to state an equal protection claim because he has not alleged facts to show that "Jewish inmates are similarly situated to Muslim inmates with regard to their ability to meet religious dietary requirements by choosing from other menus provided by the [defendant]." Id.

8

## IV.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that this pro se civil rights action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**SO RECOMMENDED**, this 21st day of December, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)